**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jose C.D.,<br><br>Petitioner,<br><br>v.<br><br>Todd Blanche, et al.,<br><br>Respondents. | Case No. 26-cv-3566 (KMM/LIB)<br><br><br><br>**ORDER** |

This matter is before the Court on Petitioner Jose C.D.'s Emergency Motion for a Temporary Restraining Order (Dkt. 10) seeking to prevent Respondents from transferring him outside the District of Minnesota and seeking to enjoin his removal. He argues both that his detention is unlawful because it is certain to be indefinite since he cannot be removed while he is in deferred-action status, and that Respondents' plans to remove him while he is in such deferred status are unlawful. The Court grants the motion in part to maintain the status quo until it can issue a ruling, and denies it in part.

Considering the complicated issues raised by the petition and the TRO motion, the possibility of irreparable harm, the balance of the parties' interests and hardships, and to preserve the status quo until a ruling can be issued, the Court hereby grants an initial limited temporary restraining order. *See* Fed. R. Civ. P. 65; *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The Court believes that it has jurisdiction over at least one of Petitioner's claims, but it has concerns regarding its authority to consider other claims. However, the Court requires additional time to consider the statutory and regulatory

framework before it can decide these issues, which it has not previously decided. The balance of harms favors a brief injunction of any plans to remove Petitioner from the United States.[1] If the removal is temporarily stayed, the Court will have time to assess the merits of and jurisdictional issues related to Petitioner's challenge to his removal during his deferred-action status. In contrast, absent the TRO, Petitioner might be removed without the Court reaching those merits, which could constitute irreparable harm. A brief delay of possible removal would not cause irreparable harm to the interests of the government.

However, the Court denies the motion to the extent it seeks an injunction of Petitioner's transfer to Texas. Such a transfer will neither deprive the Court of jurisdiction, nor prevent counsel from communicating with his client. In addition, because the issues now before the Court are overwhelmingly legal rather than factual, the brief interruption of communication caused by the transfer itself will not impair counsel's ability to advocate for Petitioner.

## ORDER

For these reasons, **IT IS HEREBY ORDERED THAT** Respondents are **TEMPORARILY ENJOINED** from removing the Petitioner from the United States pending the Court's resolution of Petitioner's Motion for Temporary Restraining Order. This Order does not prohibit Respondents from moving Petitioner within the United States, including to Texas.

[1] The government has notified the Court and Petitioner of a plan to move Petitioner to Texas, but has not advised of a plan to remove him from the country. However, the Court is aware that a transfer to Texas is often done to enable staging for removal.

Date: August 27, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge